UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TONIA SCOTT,                           :
                                       :
    Plaintiff                          :   CIVIL ACTION NO. 3:16-0339
                                       :
    v.                                 :
                                       :       (JUDGE MANNION)
DAVID MARTIN, et al.,                  :
                                       :
    Defendants                         :

# M E M O R A N D U M

Pending before the court is one of several recent complaints filed by *pro se* plaintiff Tonia Scott. In this case, plaintiff alleges that defendant Saw Creek Estates Community Association, Inc., (the "association"), refused her method of payment for her delinquent annual assessment fees resulting in a discharge of her debt. Plaintiff states that she is American Indian (Iroquois/Haudenosaunee nation) and that she is "an heir of the North American continent." Plaintiff alleges that since defendant association refused her method of payment, her only recourse is "to implement ownership authority of the land that [defendant] has failed to compensate for usage." (Doc. 1). The complaint will be **DISMISSED WITH PREJUDICE** for failure to state a cause of action and for lack of subject matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**.[1]

---

[1]Plaintiff Scott indicates in her *in forma pauperis* motion that she owns her home located at 4110 Winchester Way, Bushkill, PA, but she does not state the value of her home and whether she has a mortgage. Regardless, in

**I.     BACKGROUND**

On February 24, 2016, plaintiff Scott, a resident of Bushkill, Pennsylvania, filed several complaints including the instant one against David Martin, General Manager of the association, and the association. Both defendants are located in Bushkill, PA.[2] Plaintiff indicates that this court has federal question jurisdiction over her action pursuant 28 U.S.C. §1331.

Specifically, plaintiff alleges, in part, as follows:

> On May 15, 2015, [she] contacted defendant, [association] director of Member Service's ... and emailed [her] a security agreement request. The security agreement offered a negotiable instrument collateralized by a documented precious commodity as payment in exchange for member dues, ..., in accordance to [the UCC] and the Uniform Negotiable Instruments Act.

According to plaintiff's exhibits attached to her complaint, (Doc. 1-1), she owes an unpaid balance of $5,472.63 toward her annual assessments for

---

the court's discretion, plaintiff's *in forma pauperis* motion will be granted for present purposes only.

[2] In many of her complaints, plaintiff repeats identical statements pertaining to her interpretations of various treaties, declarations and United Nation resolutions regarding the rights of indigenous peoples and the requirement of the United States to protect these rights. Plaintiff attempts to use these documents to justify her demands for payment from private companies and associations located on land she claims traditionally belonged to "Aboriginal American Indian peoples" as well as her demands for free utility services. In her complaints, plaintiff continually fails to explain how any of these documents entitle her personally to any money for property owned by defendants, to any free utility services, and how any of the defendants are a "sub-corporation of the United States."

her home located in the association.

Plaintiff states that she explained to the association that "it was illegal for her to utilize Federal Reserve notes" since "currently the banking industry for the United States is not functioning as a credit institution." Plaintiff states that since the association refused her proffered method of payment for her delinquent annual assessments, her only "recourse is to implement ownership authority of the land that defendant [association occupies]" since it has failed to compensate her for its usage. She then states that in accordance with the treaties protecting the rights of indigenous people, which the United States executed, the association must pay her for using its land. Plaintiff contends that since she is an "Aboriginal/Indigenous American Indian" and an "heir of the North American continent" there can be no laws that effect the rights of indigenous people to enjoy their right to self-determination. She indicates that since the association would not accept her form of payment for her annual assessments and agree to pay her to use its land as authorized by the various treaties recognizing the rights of indigenous peoples, she filed this action to exercise her traditional ownership authority over the land which the association occupies and to demand it to pay her monthly rental fees. Plaintiff states that since the association failed to comply with her "affirmation", it is violating the United States Constitution and Treaties.[3]

---

[3]To the extent plaintiff Scott is attempting to raise constitutional claims against the association under 42 U.S.C. §1983, she fails to state a cognizable

As relief, plaintiff requests the court to order defendants Martin and the association to give her credit for her member dues "for the duration of service" and to pay her $2,500 per month for land rental expenses.

## II. DISCUSSION

To date, plaintiff's complaint has not been served on defendants and no response to her complaint is due by the defendants at this time. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons stated below, the plaintiff's case is both frivolous and fails to state a claim upon which relief can be granted, and therefore, the case must be dismissed.

An action is frivolous where "the court determines that the claim is: (1)

---

claim since it does not act under color of state law and it is not amenable to suit under §1983. *See* Kalian at Poconos, LLC v. Saw Creek Estates Community Assoc., Inc., 275 F.Supp.2d at 588-89 (The association did not act under state law for purposes of §1983 when it imposed the fees and assessments upon plaintiff.) Also, defendant Martin is not a state actor subject to suit under §1983.

of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Deutsch v. United States, 67 F.3d 1080, 1082 (3d Cir. 1995). A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Even though courts are more deferential and liberally construe pleadings of *pro se* litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. *See* Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 67 n. 3 (3d Cir. 1986); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As such, a complaint must include factual allegations to support the legal claims asserted. Id. at 1949, 1953.

     Plaintiff's complaint provides neither understandable factual allegations nor the grounds on which the claims rest. It does not put defendants on fair notice of any cognizable claims against them and the factual basis for any claims. The complaint is not comprehensible, a circumstance which justifies dismissal under Rule 8. *See* Roy v. Supreme Court of U.S., 484 Fed.App'x 700, 700 (3d Cir. 2012).

While the incomprehensibility of the complaint is alone sufficient to justify dismissal, the court can dismiss a complaint that is completely devoid of merit and plainly frivolous for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See* DeGrazia v. F.B.I., 316 Fed.Appx. 172, 173 (3d Cir. 2009); Smith v. Laster, 787 F.Supp.2d 315, 318-19 (D. Del. 2011) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (sua sponte dismissal under Rule 12(b)(1) is proper when allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.")).

Moreover, in Agarwal v. Schuylkill County Tax Claim Bureau, 442 Fed.Appx. 733 (3d Cir. 2011), the Third Circuit held that defendant water authorities did not violate plaintiffs' civil rights by not accepting their proffered form of payment for delinquent accounts and by only accepting certified checks, cashier's checks, money orders, or cash. Thus, plaintiff's claim that the association violated her rights by not accepting her proffered form of payment for her annual assessments is subject to dismissal.

Additionally, in Pennsylvania, "[c]ovenants providing for annual assessments or charges have been found to run with the land." Franklin Mills Assoc., L.P. v. Nationwide Life Ins. Co., 836 F.Supp.2d 238, 244 (E.D.Pa. 2011) (citing Locust Lake Village Prop. Owners Ass'n v. Wengerd, 899 A.2d 1193, 1199–1200 (Pa.Commw.Ct. 2006)). "When a covenant such as one to

pay annual assessments is found to run with the land, the covenant binds successors in title to the property to the obligation of performance." Id. at 245 (citations omitted). As such, the person in possession of the property when the obligation for the annual assessment becomes due, *i.e.*, plaintiff Scott, is responsible to pay it. Id. Thus, plaintiff is obliged to pay the annual assessments to the association that have accrued during her ownership of her house located at 4110 Winchester Way in Bushkill, PA. Id.; Kalian at Poconos, LLC v. Saw Creek Estates Community Assoc., Inc., 275 F.Supp.2d 578.[4]

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue

---

[4]In Kalian, 275 F.Supp.2d at 581, Judge Vanaskie stated that:
Saw Creek Estates, is a large planned community of single-family homes and townhomes located in Lehman Township, Pike County, Pennsylvania, and Middle Smithfield Township, Monroe County, Pennsylvania (hereinafter, "the Community"). In 1975, Lehman–Pike Development Corp. ("Lehman–Pike") began constructing the Community. In doing so, Lehman–Pike recorded certain covenants and restrictions, and amendments thereto, applicable to each of the lots in the Community, and established the Association to manage the day-to-day operation of the Community.

delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, it is clear that granting plaintiff leave to amend her complaint would be futile.

### III. CONCLUSION

For the above reasons, plaintiff's complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE** pursuant to §1915(e)(2)(B)(i)(ii). Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), is **GRANTED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 7, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0339-01.wpd